**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**JORDAN P. W., a juvenile,**
**Defendant–Appellant.**

No. 05–30078.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Decided Feb. 3, 2006.

Lori Harper Suek, Esq., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

---

\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Michael Donahoe, Esq., FDMT–Federal Defenders of Montana, Helena, MT, for Defendant–Appellant.

Before GOULD and BERZON, Circuit Judges, and SCHWARZER,\* Senior District Judge.

MEMORANDUM \*\*

Jordan P.W. (W.) appeals his adjudication of juvenile delinquency for violation of 18 U.S.C. §§ 1153(a) and 2241(c). He contends that the district court erred in denying his pretrial motion to suppress a statement. W. argues that his statement made during noncustodial post-polygraph questioning was involuntary because he did not specifically consent to such questioning. We review de novo a district court's decision whether to suppress evidence, *United States v. Chaudhry*, 424 F.3d 1051, 1052 (9th Cir.2005), and whether a statement was voluntary, *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir.2003). Factual findings underlying its determination of voluntariness are reviewed for clear error. *Id.* at 1027.

W. contends that the consent he and his aunt gave to the polygraph examination did not extend to the post-polygraph questioning. Thus, he claims his post-polygraph statement was involuntary in violation of the Fourth Amendment. We reject W.'s argument that a polygraph examination constitutes a search or seizure subject

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to the Fourth Amendment and know of no authority supporting it.[1]

Nor did the post-polygraph questioning violate W.'s Fifth Amendment due process rights. In *Wyrick v. Fields,* 459 U.S. 42, 47–48, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982), the Supreme Court held that an individual, in providing informed consent to a polygraph examination, also consents to post-polygraph questioning. The Court rejected a per se rule requiring additional warnings prior to post-polygraph questioning. *Id.* at 48–49, 103 S.Ct. 394. Here W. and his aunt consented to the initial polygraph examination, and no evidence was offered of a significant change in the character of the post-polygraph questioning; it would have been unreasonable for W. and his aunt to assume that W. would not be informed of the polygraph readings and asked to explain any unfavorable result. *See id.* at 47, 103 S.Ct. 394. Finding no Fifth Amendment violation in the admission of W.'s statement, we AFFIRM.

**AFFIRMED.**

---

1. The only federal court to address whether a polygraph examination is a Fourth Amendment search has rejected W.'s position. *See Stehney v. Perry,* 907 F.Supp. 806, 822 (D.N.J. 1995) ("a polygraph does not constitute a search within the meaning of the Fourth Amendment"), *aff'd,* 101 F.3d 925 (3d Cir. 1996).

